IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,     )
     )
     Plaintiff,     )
     )
v.     )     No. 3:08-CR-87-TAV-DCP
     )
ANTHONY JAY HARRIS,     )
     )
     Defendant.     )

**REPORT AND RECOMMENDATION**

This case is before the undersigned on the Motion to Review Appointment of Counsel [Doc. 31] filed by Assistant Federal Defender Benjamin G. Sharp on behalf of Defendant Anthony Jay Harris and referred undersigned for disposition or recommendation [Doc. 32]. *See* 28 U.S.C. § 636(b).[1] The motion states that Defendant Harris has requested substitute counsel to address the issue of whether he is being held beyond his release date [Doc. 31 p. 1]. On April 24, 2024, the District Judge approved and entered an Agreed Order of Revocation, revoking Defendant's supervised release and sentencing him to five months of incarceration followed by twelve months of supervised release [Doc. 29 p. 1]. According to the motion, Defendant "believes he was paroled on December 9[], 2023[;]" he believes that "he should be released immediately[;]" and he seeks substitute counsel to address this concern [Doc. 31 p. 1].

On April 29, 2009, Defendant Harris was convicted of possession of cocaine base with intent to distribute and sentenced to sixty months of imprisonment followed by four years of supervised release [Doc. 17, Judgment]. Defendant began his term of supervised release on

---

[1] A magistrate judge may make a recommended disposition on "applications for post[-]trial relief by individuals convicted of criminal offenses[.]" 28 U.S.C. § 636(b)(1)(B).

February 28, 2020 [*See* Doc. 19].[2]  Defendant's supervising probation officer submitted a Petition for Warrant for Offender Under Supervision ("Petition") on June 15, 2023 [Doc. 20]. The Petition alleges four instances of illegal drug use and an arrest for driving under the influence of an intoxicant ("DUI") on June 6, 2023, among other violations [*Id*. at 2–4].  It also states that Defendant "is currently incarcerated on a state of Tennessee parole violation," and, following his arrest for DUI, Defendant "reported he would attend his court date and go into custody on his parole violation, which he did" [*Id*. at 4].  Defendant was arrested on the Petition in the Western District of Tennessee on February 5, 2024.  He had an initial appearance in that district on February 7, 2024, and was delivered in custody to this district [Doc. 21-5 pp. 2–3], where he first appeared on March 20, 2024 [Doc. 22, Minutes].  As stated above, Defendant agreed to revocation and a five-month term of incarceration [Doc. 29].

Defendant does not seek to challenge his agreed revocation or his agreed sentence. Instead, Defendant seeks to bring a collateral attack, alleging that he is being held beyond the expiration of his five-month sentence of incarceration.  "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–(1) as a result of the offense for which the sentence was imposed; or

---

[2]     The Petition for Warrant for Offender Under Supervision states that Defendant's supervised release began on December 20, 2012 [Doc. 20 p. 1].  Defendant, in a pro se motion for early termination of his supervision, states that his supervised release began on February 28, 2020 [Doc. 19 p. 1].  The Court finds the date provided by Defendant is consistent with the original date of the expiration of his four years of supervised release—February 28, 2024— [Doc. 20 p. 1] and with the Petition's statement that Defendant was convicted of Facilitation of First Degree Murder in 2009 and was on state parole at the time of the violations of his supervised release [*Id*. at 4].

2

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). Ostensibly, Defendant intends to argue that he should receive credit for all or some portion of his time spent in state custody for his parole violation following his arrest for DUI on June 6, 2023.

Defendant Harris does not enjoy a constitutional right to counsel at this juncture. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that no constitutional right to counsel exists for a prisoner mounting a collateral attack upon his conviction); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (confirming "the rule that the Sixth Amendment does not apply to collateral attacks"). However, the Court has discretion to appoint counsel for a financially eligible individual seeking relief under 28 U.S.C. §§ 2241[3] or 2255[4], if the Court "determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B); *see also* 28 U.S.C. § 2255(g) (permitting the court to consider the appointment of counsel in "proceedings brought under this section"). *Compare Christeson v. Roper*, 574 U.S. 373, 377 (2015) (holding a criminal defendant in a capital case is entitled to appointment of counsel to file a petition for habeas corpus).

In deciding whether to appoint counsel in a civil case, the Court considers whether exceptional circumstances exist by examining the following factors: (1) "the type of case," (2) the litigant's "abilit[y] to represent himself," and (3) the "complexity of the factual and legal

---

[3]    "The writ of habeas corpus shall not extend to a prisoner unless— . . . he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 18 U.S.C. § 2241(c)(3).

[4]    "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 18 U.S.C. § 2255(a).

3

issues involved." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (omitting internal quotations); *see Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (determining that motions under § 2255 are treated as civil proceedings). "Generally, this Court does not appoint counsel in a collateral attack upon a conviction or sentence unless it has determined that a hearing on the § 2255 motion is necessary." *United States v. Yelverton*, No.: 3:16-CR-11-TAV-DCP-2, 2022 WL 1752219, *1 (E.D. Tenn. May 31, 2022) (citing *Vinson v. United States*, 235 F.2d 120, 122 (6th Cir. 1956)); *United States v. Wooden*, No. 1:03-CR-66, 2008 WL 5110790, at *2 (E.D. Tenn. Nov. 26, 2008) (Edgar, J.) (holding that the court "cannot appoint counsel at government expense to provide legal advice and represent [a criminal defendant] prior to the filing of a § 2255 motion"); *see also* Fed. R. Gov. § 2254 Cases 8(c) (providing the court must appoint counsel to indigent petitioners in a habeas corpus proceeding "[i]f an evidentiary hearing is warranted");[5] Fed. R. Gov. § 2255 Cases 8(c) (providing court must appoint counsel to indigent petitioners in a § 2255 proceeding "[i]f an evidentiary hearing is warranted" and may do so at any other stage of the proceedings).

Here, the Court finds Defendant's request for the appointment of substitute counsel is premature. Defendant has not yet filed a motion under §§ 2241 or 2255. Moreover, the Defendant appears capable of filing the motion himself, as the allegations relayed to his appointed counsel on the revocation issue reveal he is aware of the circumstances that he believes entitle him to relief. *See Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (per curiam) (observing that the court assumes an individual "in custody can recall sufficiently the circumstances of a non-frivolous error to frame an appropriate motion to vacate sentence").

---

[5] The Court may apply the Rules Governing Section 2254 Cases in the United States District Courts to a habeas corpus petition even though the person is not in custody under a state-court judgment or subject to future custody under a state-court judgment. Fed. R. Gov. § 2254 Cases 1(b).

Alternatively, if the Court were to exercise its discretion to grant appointed counsel for Defendant's collateral attack, Defendant has failed to state any basis for the appointment of counsel other than Mr. Sharp and the Federal Defender Services of Eastern Tennessee ("FDSET"), who represented him on the revocation of his supervised release.[6]  A defendant seeking the substitution of counsel "'must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution.'"  *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (quoting *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)).  Here, the motion merely states that Defendant wants a different attorney to litigate his collateral attack.  Defendant fails to make any showing, much less demonstrate good cause, that a hearing to substitute counsel is warranted.

For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that Defendant Harris's Motion for Review of Appointment of Counsel [Doc. 31] be denied because Defendant is not entitled to appointed counsel to initiate his proposed litigation, nor has he made

---

[6]  Counsel from FDSET have represented Defendant since the inception of this case.  The Court appointed Assistant Federal Defender Jonathan A. Moffatt and FDSET at Defendant's August 12, 2008 initial appearance on his original charge [Doc. 3].

5

any showing that substitute counsel is necessary or appropriate.[7]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[7]    Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).